UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ENVIRONMENTAL ENERGY SVC. INC.,   :
                                  :
        Plaintiff,                :
                                  :
        v.                        :        CASE NO. 3:08-CV-1237(RNC)
                                  :
COALOGIX INC.,                    :
                                  :
        Defendant.                :

ORDER ON MOTION TO COMPEL

Pending before the court is the plaintiff's Motion to Compel
and for *in camera* Review, doc. #76.  The court held oral argument
on January 12, 2010 and has conducted an *in camera* review of the
email strings at issue.  The plaintiff's motion is granted in
part and denied in part, as follows.

1.  Doc. #E00045034

The plaintiff moves to compel only a portion of the email
string submitted for *in camera* review.  Specifically, plaintiff
seeks production of an email dated April 18, 2008 at 3:55 p.m.
from William McMahon to Attorney Joe Cogdell, and plaintiff only
seeks a portion of this email, from the heading through the word
"technology."[1]  The plaintiff does not seek production of the
remainder of the email or of other emails in the string.

---

[1]Under the parties' "quick-peek" review agreement, counsel
for the plaintiff previously viewed all of the documents at issue
in this motion but were not permitted to print or keep the
documents.  This explains plaintiff's unusually detailed
knowledge of their contents.

The court has reviewed the entire email string and concludes, based on other information in the string, that the portion sought by the plaintiff is a communication between client and attorney made in confidence for the purpose of seeking legal advice.  Blumenthal v. Kimber Mfg., Inc., 265 Conn. 1, 10 (2003). "In Connecticut, the attorney-client privilege protects both the confidential giving of professional advice by an attorney acting in the capacity of a legal advisor to those who can act on it, as well as the giving of information to the lawyer to enable counsel to give sound and informed advice."  Id. (internal citation and quotation marks omitted).  The email is therefore privileged, and the plaintiff's motion to compel is denied as to this document.

2.  Doc. #E00045269

The plaintiff next moves to compel production of an email from William McMahon to John Moore and others dated May 28, 2008 at 9:38:04 PM.  The defendant argues that the contents of this email reflect the advice of Attorney Joe Cogdell, who is copied on the email.

"The burden of proving each element of the privilege, by a fair preponderance of the evidence . . . rests with. . . the party seeking to assert the privilege."  PSE Consulting, Inc. v. Frank Mercede and Sons, Inc., 267 Conn. 279, 330 (2004).  The defendant has not submitted any affidavits or other evidence of privilege and instead argues that the privilege is self-evident from the face of the email.

2

The defendant has failed to sustain its burden of demonstrating by a preponderance of the evidence that this email is privileged.  The motion to compel is therefore granted as to this email.  The plaintiff's motion does not seek production of other emails in the string.

3.  Doc. #E00045132

Finally, the plaintiff moves to compel production of an email from William McMahon to Attorney Joe Cogdell and others dated May 8, 2008 at 12:42:54 PM.  The defendant argues that McMahon's email is a privileged communication in that it seeks confirmation of McMahon's understanding of a contract.  Again, the defendant has not submitted any affidavits or other evidence of privilege and instead relies on the content of the email to prove privilege.

From the face of the email, the court concludes that the third paragraph, starting at the word "With," is a communication between client and attorney made in confidence for the purpose of seeking legal advice and is therefore privileged.  As to the remainder of the email, the defendant has failed to sustain its burden of demonstrating by a preponderance of the evidence that the communication was made for the purpose of seeking legal counsel rather than for the mere purpose of reporting non-privileged factual information.

The plaintiff's motion to compel is therefore granted as to the email from William McMahon dated May 8, 2008 at 12:42:54 PM,

except that the third paragraph of that email may be redacted. The plaintiff's motion does not seek production of other emails in the string.

SO ORDERED at Hartford, Connecticut this 22nd day of January, 2010.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge